# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DWAINE COLEMAN,              )
                                   )
          Plaintiff,       )
                                   )
vs.                           )      Case No. 17-CV-767-NJR-DGW
                                   )
SGT. LINDENBERG, C/O WASSON,  )
C/O CORNSTOBBLE, SGT. TAYLOR,  )
and UNKNOWN PARTY #2,        )
                                   )
          Defendants.    )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 18), which recommends granting Defendants' Motion to Dismiss (Doc. 12) and dismissing this case pursuant to Rule 41(b) for failure to prosecute.

Plaintiff Dwaine Coleman ("Coleman"), a former inmate in the Illinois Department of Corrections, filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Menard Correctional Center. This action contains eight claims that were severed from Coleman's original lawsuit filed in May 2017 and styled as *Coleman v. Lashbrook, et. al.*, Case No. 17-cv-518-DRH-SCW (*See* Doc. 1).

On July 28, 2017, Coleman was released from prison, but did not notify the Court of his new address. While Coleman did provide Magistrate Judge Williams of his new

address in a companion case, Case No. 17-cv-518-DRH-SCW, he failed to respond to any request from defense counsel in that case, and all documents sent to that address were returned as undeliverable (Doc. 13 in Case No. 17-cv-518; Doc. 12-1, 12-2, and 12-3). That case was ultimately dismissed for failure to prosecute.

On November 20, 2017, Defendants filed a Motion to Dismiss for failure to prosecute (Doc. 12) in this case. On January 5, 2018, Magistrate Judge Wilkerson entered an order to show cause and scheduled a show cause hearing for January 24, 2018, at 1:30 p.m. (Doc. 15). Coleman was ordered to appear in person and show cause why the pending action should not be dismissed for failure to prosecute (Doc. 15, p. 2). He was also warned that failure to appear at the hearing could result in sanctions being imposed, including a recommendation that the cause of action be dismissed with prejudice (Doc. 15, p. 3).

Notice of the hearing was sent to Coleman at his address of record as well as the address he provided in his companion case. The notice sent to Menard Correctional Center was returned as undeliverable due to Coleman's parole, and the notice sent to the second address has not been returned to the Court. Coleman failed to appear at the show cause hearing.

On January 25, 2018, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 18), recommending dismissal of the case for failure to prosecute pursuant to Rule 41(b). Objections to the Report and Recommendation were due on or before February 12, 2018. *See* 28 U.S.C. § 626(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR73.1(b). Coleman did not file an objection.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has reviewed Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. Coleman has had no contact with the Court since the filing of his complaint in July 2017. He failed to appear at the show cause hearing despite being warned that such failure may result in dismissal of the lawsuit. Coleman has also failed to respond to Defendants' motion to dismiss and has failed to object to Magistrate Judge Wilkerson's Report and Recommendation recommending dismissal. It appears that Coleman has lost interest in litigating this case and this case should be dismissed pursuant to Rule 41(b) for failure to prosecute.

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 18) in its entirety and **GRANTS** Defendants' Motion to Dismiss (Doc. 12). This entire action is **DISMISSED with prejudice** pursuant to Rule 41(b).

Judgment will be entered accordingly.

       **IT IS SO ORDERED.**

       **DATED:**   **February 15, 2018**

                                                     **NANCY J. ROSENSTENGEL**
                                                   **United States District Judge**